**SIGNED THIS: September 8, 2026**

**Peter W. Henderson**
**Chief United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| **In re:** | |
| **HEATHER A. STEELE,** | **Case No. 23-80771** |
| **Debtor.** | |

# OPINION

When the Debtor filed her Chapter 13 bankruptcy petition in October 2023, she disclosed among her assets a workers' compensation claim against her employer. She exempted 100% of the value of the claim under 820 ILCS 305/21. Her plan of reorganization, confirmed two months later, did not mention the claim or commit any future proceeds to her creditors. At confirmation, all property of the estate vested in the Debtor. 11 U.S.C. §1327(b).

The attorney handling the workers' compensation claim later identified a separate, personal injury claim that arose from the same incident. The parties interested in that claim have now agreed to settle. The details are not material here; the short version is that the Debtor has agreed to accept $15,000. After amending her schedules to disclose the new claim and to exempt the proceeds, 735 ILCS 5/12-1001(h)(4), the Debtor has now filed a motion for an order approving the settlement.

As a matter of law, the Court's approval is neither necessary nor appropriate. The Bankruptcy Code does not task the bankruptcy court with approving settlements. Instead, a Rule permits the court to approve a compromise or settlement "on the trustee's motion." Fed. R. Bankr. P. 9019(a). Some courts, observing that a rule cannot create a substantive requirement that does not exist in a statute, have concluded that judicial approval of settlements is never required, unless the Code requires court approval for the underlying action (for example, selling property of the estate under 11 U.S.C. §363(b)). See *In re Novak*, 383 B.R. 660, 668 (Bankr. W.D. Mich. 2008); *In re Telesphere Communications, Inc.*, 179 B.R. 544, 551–52 (Bankr. N.D. Ill. 1994). Others believe that Rule 9019(a) does require judicial approval of settlements, at least when the trustee is involved.[1] See *In re Big Apple Volkswagen, LLC*, 571 B.R. 43, 53–58 (S.D.N.Y. 2017) (citing cases). I need not resolve that bigger question here, because a Chapter 13 debtor is not a "trustee" entitled to court approval of a settlement under either approach. *In re Revels*, 616 B.R. 675, 681 (Bankr. E.D.N.C. 2020). The motion may be denied on that basis alone. See *In re Conway*, No. 24-10126-7, 2025 WL 274111, at *3 (Bankr. W.D. Wis. 2025).

What standard might I use to either approve or disapprove this settlement? There must be a standard, because I may not simply "rubber-stamp" settlements that pass before me. *Matter of American Reserve Corp.*, 841 F.2d 159, 162 (7th Cir. 1987). But the typical standard—which looks to the "best interests of the estate," *Matter of Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007)—does not apply here, because the personal injury claim is not property of the estate. The claim vested in the Debtor at confirmation of the plan. See *In re Crowder*, No. 23-90339, 2025 WL 3465900, at *2 (Bankr. C.D. Ill. 2025) (Henderson, J.), citing *Matter of Heath*, 115 F.3d 521, 524 (7th Cir. 1997). Even if it had not, the proceeds of the claim have been totally exempted from the estate. 11 U.S.C. §522(b). No standard exists for this type of motion precisely because bankruptcy courts are unconcerned with settlements that take place between ordinary civil litigants dealing with their own (non-estate) property. *Matter of Woodmar Realty Co.*, 306 F.2d 479, 480 (7th Cir. 1962). The motion may be denied on that basis as well.

At the hearing on the motion, the Debtor agreed that the Court's approval is not necessary. But because the other parties to the settlement were not so sure, they cajoled her into filing the motion for their benefit. Their concern is based not on the Code or the

---

[1] The Seventh Circuit has noted in dicta that a settlement by a trustee that has not been judicially approved is "apparently" of no effect, *Matter of Teknek, LLC*, 563 F.3d 639, 651 (7th Cir. 2009), but it cites in support a dissent from a Bankruptcy *Act* case, which might no longer be relevant when applying the Bankruptcy *Code*. See *Novak*, 383 B.R. at 665–67.

Rules but (apparently) on the practices of other bankruptcy courts. That some courts regularly approve these sorts of settlements is not a persuasive reason to do so here; "an observation that something is done frequently does not explain why it may be done *properly*." *Matter of Terrell*, 39 F.4th 888, 891 (7th Cir. 2022) (emphasis in original). Rule 9019(a) pertains only to settlements involving property of the estate of which a trustee seeks approval. It does not apply here.

Much more can be said on the topic, but I need not repeat what is already in the Bankruptcy Reporter. Judge Hughes concluded that Rule 9019(a) facilitates the efficient administration of the bankruptcy estate by providing comfort orders to trustees. *Novak*, 383 B.R. at 670–71 & n.14; *In re Dalen*, 259 B.R. 586, 603 (Bankr. W.D. Mich. 2001). Judge Wedoff concluded that settlements are part of estate administration, which since 1978 has been placed in the hands of trustees, not bankruptcy judges. *Telesphere Communications, Inc.*, 179 B.R. at 551–52 & n.6. Both views are persuasive.

One observation I will add is that Chapter 13 debtors are generally in charge of their own financial affairs. *Matter of Steenes*, 918 F.3d 554, 556–58 (7th Cir. 2019); *Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013). They will endure the consequences, good or bad, of their financial decisions. Compare, *e.g.*, 11 U.S.C. §1307(c) with 11 U.S.C. §1328(a). They need not make those decisions alone; their attorneys are charged with advising them, see Ill. R. Prof. Conduct 2.1, and their trustees are charged with assisting them in performance under their plans,[2] 11 U.S.C. §1302(b)(4); *Cable*, 200 F.3d at 472. But it is their own financial health at stake, which gives them every incentive to maximize their recovery on a claim, rendering court oversight less necessary. *Revels*, 616 B.R. at 682. Indeed, asking a judge for a declaration that they are doing the right thing is inconsistent with ordinary principles of federal justiciability. Cf. *In re Goebel*, 184 F.4th 59, 68 (2d Cir. 2026) (declining to permit bankruptcy court to declare, at the debtor's request, that she did not misbehave).

In short, there is no good reason to stretch the language of Rule 9019(a) to provide comfort orders to Chapter 13 debtors. A Chapter 13 debtor should consult with their attorney and trustee before agreeing to a settlement. The bankruptcy judge need not, and should not, be involved. The motion for approval of settlement is DENIED.

# # #

[2] To be clear, the trustee's "approval" is not required *per se*, but a word from the trustee stating that they do not foresee any issues with a proposed settlement could provide valuable comfort.